IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:13-CR-163-F

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | **ORDER OF DETENTION PENDING** |
| ) | **TRIAL** |
| MIGUEL LASHAWN BURT, ) | |
| ) | |
| Defendant. ) | |

This case came before the court today for hearing on the government's motion, pursuant to 18 U.S.C. § 3142(f), to detain defendant pending trial. The government presented the testimony of an agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives. Defendant did not present any evidence. The court also reviewed the pretrial services report. After careful consideration pursuant to 18 U.S.C. § 3142(g) of the credible information and argument submitted, and based on the findings and reasons stated below and in open court, the court finds by a preponderance of the evidence that there is no condition or combination of conditions that will reasonably assure defendant's appearance as required, and by clear and convincing evidence that there is no condition or combination of conditions that will reasonably assure the safety of any other person and the community before trial if defendant is released. The government's motion is therefore GRANTED.

## Background

Defendant was charged in a one-count indictment on 4 June 2013 with possession of a firearm, a chrome 9 millimeter handgun ("subject firearm"), and ammunition by a felon on 24 December 2012 in violation of 18 U.S.C. §§ 922(g)(1) and 924. The evidence presented at the hearing showed that the charges arise from defendant's armed robbery of victim in the presence

of multiple witnesses, including children, in the parking lot of a shopping center on the alleged offense date. During the robbery, he pointed the subject firearm, which was loaded with 14 rounds, at the head of the victim and threatened to kill him. At one point, he stole another handgun from a person at the scene and pointed both guns at the victim's head. The robbery was video recorded by four cameras and also audio recorded. Defendant fled the scene. Police recovered the subject firearm along the path of escape. It matched the description of the gun used in the robbery provided by witnesses, including the victim, who said he would never forget what it looked like because he thought he was going to die. Defendant was apprehended several weeks later in connection with a rape. He admitted to confronting the victim with a gun at the shopping center. Defendant had previously been convicted of a crime punishable by a term of imprisonment exceeding one year.

## Discussion

The law requires that defendant be detained pending trial based on the following principal findings and reasons: evidence showing that the government has a strong case, including the evidence reviewed above; the gun-related nature of the offense charged; the circumstances of the offense charged, including use of the subject firearm in a robbery, the brazen nature of the robbery, defendant's brandishing of the firearm during the robbery, his death threats against the robbery victim, his flight from the scene, and the term of imprisonment he faces if convicted; defendant's criminal record, including two felony convictions (the most recent in 2011 for the 20 January 2011 offense of common law robbery), three misdemeanor convictions (one for assault with a deadly weapon), revocation of probation the only time he was placed on it, and commission of one felony (the common law robbery) while on probation; the danger of continued gun-related offense conduct by defendant if released; defendant's abuse of

marijuana; the absence of a proposed third-party custodial arrangement; the extent of the risk of flight and danger presented by defendant; and the other findings and reasons stated in open court.

The court considered evidence offered as mitigating, such as the support his mother and grandmother would provide him if he were released. It finds, however, that the factors favoring detention strongly outweigh such evidence.

## Conclusion

IT IS THEREFORE ORDERED that defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

This, the 25th day of July 2013.

_____
James E. Gates
United States Magistrate Judge