IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:13-CR-00163-F-1
No. 5:16-CV-00520-F

| | |
|---|---|
| MIGUEL LASHAWN BURT, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) ORDER |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

This matter is before the court on the Government's Motion to Dismiss [DE-63] Miguel Lashawn Burt's pending Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [DE-50, -52].[1] The issues have been fully briefed, and the matter is now ripe for ruling. For the reasons set forth below, the Government's Motion to Dismiss is ALLOWED and Burt's Motion to Vacate is DENIED.

## I. Factual and Procedural Background

On June 4, 2013, Burt was named in a one-count indictment with being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924. *See* Indictment [DE-1]. At Burt's arraignment, held on September 4, 2013, he pled guilty to the Indictment without a written plea agreement.

Burt's sentencing was held on March 12, 2014, and he was sentenced to 105 months' imprisonment, three years of supervised release, and a fine of $4,950.00. *See* Judgment [DE-41].

---

[1] Burt's initial attempt to initiate a claim for relief under 28 U.S.C. § 2255 was a non-conforming document [DE-50], which was filed on June 22, 2016. At the court's direction, Burt filed a "conforming" motion [DE-52] on July 18, 2016.

On March 13, 2014, Burt filed a Notice of Appeal [DE-38]. In an unpublished per curiam opinion [DE-47], the Fourth Circuit Court of Appeals affirmed Burt's sentence.

On June 22, 2016, Burt filed the instant motion pursuant to 28 U.S.C. § 2255 [DE-50, -52]. Burt's sole claim is that in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015), his sentence was improperly enhanced. Mot. Vacate [DE-52] at 4. In particular, Burt contends that his convictions for common law robbery and felony breaking and entering were used as prior crimes of violence. *Id.* On September 28, 2016, the Government filed a Motion to Dismiss [DE-63] pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, arguing that Burt has failed to state a claim upon which relief can be granted.

## II. Legal Standard

The purpose of a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is to test the legal sufficiency of the complaint, not to resolve conflicts of fact or decide the merits of the action. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243-44 (4th Cir. 1999). In considering a motion to dismiss, the court assumes the truth of all facts alleged in the complaint and the existence of any fact that can be proved which is consistent with the complaint's allegations. *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). However, the "[f]actual allegations must be enough to raise a right to relief above the speculative level" and the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Wahi v. Charleston Area Med. Ctr., Inc.*, 562 F.3d 599, 615 n.26 (4th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."

2

*Twombly*, 550 U.S. at 555 (citations omitted); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Moreover, a court "need not accept the legal conclusions drawn from the facts" nor "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts.*, 213 F.3d at 180.

### III. Discussion

**Burt is not entitled to relief under *Johnson*.**

In *Johnson*, the Supreme Court addressed whether increasing a defendant's sentence based on the residual clause contained in 18 U.S.C. § 924(e)(2)(B)(ii) violates due process. 135 S. Ct. at 2551. The residual clause provided that an offense was a violent felony for purposes of § 924(e), if it "otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii). The Supreme Court held that "[i]ncreasing a defendant's sentence under the [residual] clause denies due process of law." 135 S. Ct. at 2557. In *Welch v. United States*, 136 S. Ct. 1257 (2016), the Supreme Court held that *Johnson* applies retroactively to cases on collateral review. 136 S. Ct. 1268.

In this case, Burt was not sentenced as an armed career criminal or career offender, and he did not receive a sentencing enhancement based on a prior violent felony conviction. Moreover, Burt's convictions for common law robbery and breaking and entering were not used as prior crimes of violence to enhance his sentence. Rather, these convictions were scored as part of Burt's criminal history. *See* PSR at 5, ¶ 12; PSR at 5, ¶ 13. Consequently, *Johnson* offers Burt no relief.

### IV. Conclusion

For the foregoing reasons, the Government's Motion to Dismiss [DE-63] is ALLOWED

3

and Burt's Motion to Vacate [DE-50, -52] is DENIED.

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, the court declines to issue a certificate of appealability. *See* 28 U.S.C. § 2253(c)(2) (A certificate of appealability will not issue unless there has been "a substantial showing of the denial of a constitutional right."); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (Where a court has rejected the constitutional claims on their merits, a petitioner must demonstrate that reasonable jurists would find that the court's assessment of the constitutional claims is debatable or wrong, but when a court denies relief on procedural grounds, the petitioner must demonstrate that jurists of reason would find it debatable whether the court's procedural ruling was correct.).

SO ORDERED.

This the 25 day of October, 2016.

JAMES C. FOX
Senior United States District Judge